UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____               │
│ DATE FILED: _3/20/2025_              │
└─────────────────────────────────────┘
```

ANGELA WAHAB, *On Behalf Of Herself And
All Others Similarly Situated*,

                          Plaintiff,

               -against-

SURYA NATURE, INC.,

                          Defendant.

1:24-cv-384 (MKV)

OPINION AND ORDER
GRANTING
MOTION TO DISMISS

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Angela Wahab, a serial litigant, brings this putative class action against Defendant

Surya Nature, Inc., alleging that Defendant has failed to make its website, which allegedly sells

beauty products, fully accessible to blind and visually impaired people in violation of the

Americans with Disabilities Act ("ADA") and New York City Human Rights Law ("NYCHRL").

Defendant moves to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack

of subject matter jurisdiction.  For the following reasons, the motion to dismiss is GRANTED.

## I.    BACKGROUND[1]

### A.  Facts

Plaintiff Angela Wahab is a blind resident of the Bronx.  AC ¶¶ 13, 14.  She is also a serial

litigant.[2]  Defendant Surya Nature, Inc. sells "natural, plant-based hair and skin care products" on

its website, "www.suryabrasilproducts.com (the 'Website').  AC ¶¶ 4, 23.

---

[1] This Opinion draws its facts from the Amended Complaint [ECF No. 17 ("AC")], the well-pleaded facts of which
are taken as true for purposes of this motion. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir.
2016).  Most of the 91-paragraph Amended Complaint consists of "cut-and-paste and fill-in-the-blank" assertions,
which have appeared in hundreds upon hundreds of other ADA website cases. *Calcano v. Swarovski N. Am. Ltd.*, 36
F.4th 68, 77 (2d Cir. 2022).  The Court declines to rehearse such assertions in its recitation of the facts of this case.

[2] The Court "may take judicial notice" of "the fact" of other "litigation." *Glob. Network Commc'ns, Inc. v. City of
New York*, 458 F.3d 150, 157 (2d Cir. 2006). A search on ECF reflects that Wahab has filed at least 67 cases in this

Plaintiff alleges that she visited Defendant's Website on two occasions, on December 29, 2023 and January 1, 2024, because she "wanted to purchase the Henna Powder Mahogany Surya Brasil 1.76oz hair dye." AC ¶¶ 20, 21, 41. Plaintiff further alleges that she "wished to try a natural hair dye," the Website offers more information and varieties than other retailers, and the Website "offers new customers 30 percent off a first purchase." AC ¶¶ 24, 44

However, Plaintiff alleges, the Website "contain[ed] access barriers that prevent[ed] free and full use by the Plaintiff using keyboards and screen-reading software." AC ¶ 46. "These barriers include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse." AC ¶ 46. Plaintiff alleges that the Website "also contained a host of broken links." AC ¶ 47. As such, "upon coming across a link of interest, Plaintiff was redirected to an error page," but "the screen-reader failed to communicate that the link was broken," and "Plaintiff could not get back to the original search." AC ¶ 47.

As a result, Plaintiff was unable to use the Website to buy the hair dye she wanted. AC ¶ 25. She "intends to visit the Website in the near future if it is made accessible," however. AC ¶ 49; *accord id.* ¶ 30.

### B. Procedural History

Plaintiff initiated this action by filing a complaint [ECF No. 1]. Defendant filed a pre-motion letter seeking leave to file a motion to dismiss [ECF No. 10 ("PML")]. In that letter, Defendant argued, among other things, that Plaintiff's "boilerplate, fill-in-the-blank" complaint was insufficient to establish standing. Pre-Motion Ltr. at 1, *see id.* at 2–3.

---

District in less than two years. *See* https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl?192959785478893-L_1_1-0-5287238-pty-pla%20%20%20%20%20%20%20-plaintiff.

The Court thereafter issued a scheduling order, which provided Plaintiff with the opportunity to amend her complaint, to cure the asserted deficiencies identified in Defendant's pre-motion letter, before Defendant filed its contemplated motion to dismiss this case [ECF No. 14 ("Scheduling Order")]. The Court expressly warned, in bold typeface: "**This will be Plaintiff's last opportunity to amend in response to arguments raised in the pre-motion letters.**" Scheduling Order at 1.

Plaintiff filed the Amended Complaint [ECF No. 17 ("AC")]. She added the allegations about her interest in trying a natural hair dye and the Website offering information, variety, and a 30 percent discount, *see* AC ¶¶ 24, 44, but Plaintiff made no other changes to address the issues raised in Defendant's pre-motion letter. The Amended Complaint asserts claims for (1) violations of the ADA, AC ¶¶ 68–75; (2) violations of the NYCHRL, AC ¶¶ 76–88; and (3) declaratory relief, AC ¶¶ 89–91. For remedies, Plaintiff seeks injunctive relief and damages. *See* AC at 21–22.

Defendant filed a motion to dismiss the Amended Complaint, arguing that Plaintiff lacks standing, and her claims are moot because Defendant's website is now ADA compliant [ECF Nos. 20, 21 ("Def. Mem."), 22, 23].[3] Plaintiff filed an opposition [ECF No. 26 ("Pl. Opp.")]. Defendant filed a reply in further support of its motion to dismiss [ECF Nos. 27, 28, 29]. Defendant thereafter filed five notices of supplemental authority in further support of its motion to dismiss [ECF Nos. 30, 32, 33, 37, 38].

## II.    LEGAL STANDARD

Rule 12(b)(1) requires that a claim be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v.*

---

[3] Because the Court concludes that Plaintiff fails to establish standing, the Court does not reach Defendant's argument about mootness.

*United States*, 201 F.3d 110, 113 (2d Cir. 2000); *see Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015).  To survive a Rule 12(b)(1) motion, plaintiffs must "allege facts that affirmatively and plausibly suggest that [they] ha[ve] standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *see also Cortlandt St.*, 790 F.3d at 417 ("The plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." (cleaned up)).

In considering the motion, the Court "accept[s] as true all material allegations of the complaint and . . . construe[s] the complaint in favor of [Plaintiffs]." *Cortlandt St.*, 790 F.3d at 417 (internal quotation marks omitted) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)).  However, the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano v. Swarovski N. America Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In assessing standing, the Court may also rely on evidence outside of the Complaint.  *See Makarova*, 201 F.3d at 113.

### III.    DISCUSSION

#### A.  Plaintiff Lacks Standing for her ADA Claim.

Defendant moves to dismiss this action for lack of subject matter jurisdiction on the ground that Plaintiff does not have Article III standing.  *See* Def. Mem. at 8–20.  To have standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Where, as here, the plaintiff seeks injunctive relief, she "must also prove that the identified injury in fact presents a 'real and immediate threat of future injury,'

often termed 'a likelihood of future harm.'" *Bernstein v. City of New York*, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004)).

Defendant argues that Plaintiff has failed to plausibly allege an injury in fact. *See* Def. Mem. at 8–11. In the ADA context, the Second Circuit has "previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer . . . that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187-88 (2d Cir. 2013). In the digital context, "the third requirement [for standing] can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website." *Loadholt v. Dungarees, Inc.*, No. 22-cv-8205 (AS) (RWL), 2024 WL 78243, at *4 (S.D.N.Y. Jan. 4, 2024) (citing *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022)).

The 91-paragraph Amended Complaint largely consists of "cut-and-paste and fill-in-the-blank" assertions (which the Court declined to recite above) that appear in hundreds upon hundreds of "carbon-copy complaints" that Plaintiff's counsel has filed on behalf of a stable of different plaintiffs. *Calcano*, 36 F.4th at 77; *see Zinnamon v. Satya Jewelry II, LLC*, No. 23-cv-781 (VEC), 2023 WL 3511123, at *3 (S.D.N.Y. Apr. 28, 2023) (sanctioning Plaintiff's counsel for filing one of these "virtually identical complaints" on behalf of another plaintiff). In earlier iterations of its copy-and-paste ADA website complaint, counsel failed even to "identify the goods" the plaintiff (in whose name counsel filed the suit) purportedly "intended to purchase." *Guglielmo v. Nebraska Furniture Mart, Inc.*, No. 19-cv-11197 (KPF), 2020 WL 7480619, at *4 (S.D.N.Y. Dec. 18, 2020) (dismissing an ADA website case brought by Plaintiff's counsel for lack of standing). In more

recent cases, counsel in ADA website cases have tried to avoid dismissal for lack of standing by "adding [some] color." *Toro v. Gen. Store, LLC*, No. 1:22-cv-6130 (MKV), 2023 WL 4624690, at *2 (S.D.N.Y. July 19, 2023) (dismissing an ADA website case brought by another high-volume plaintiff's attorney for lack of standing).

Courts in this Circuit, including this Court, have repeatedly dismissed similar complaints for lack of standing, however. *See, e.g.*, *Martin v. Brooklyn Bagel & Coffee Co., Ltd.*, No. 24-cv-3758 (ARR) (RML), 2024 WL 4827737, at *3 (E.D.N.Y. Nov. 18, 2024); *Loadholt v. Dungarees, Inc.*, No. 22-cv-8205 (AS), 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024); *Feliz v. IHealth Labs Inc.*, No. 23-cv-00354 (JLR), 2024 WL 342701, at *3 (S.D.N.Y. Jan. 30, 2024); *see also Wahab v. White's Boots, Inc.*, No. 23-cv- 9018 (JHR) (GS), 2024 WL 3909083, at *1 (S.D.N.Y. Aug. 16, 2024). To be sure, Plaintiff's counsel added some color to the Amended Complaint by asserting that Plaintiff "wished to try a natural hair dye," and the Website "offers new customers 30 percent off a first purchase" and offers more information and products than do the sites of other retailers that sell the "Surya Brasil brand products." AC ¶¶ 24, 44. But, as the courts cited above have concluded, such details are insufficient in "the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings." *Calcano*, 36 F.4th at 77.

Plaintiff is entitled to file lawsuits against as many websites as she believes have injured her, "but even [such ADA] testers have to show that they have suffered an Article III injury in fact." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435 n.3, 444 (2d Cir. 2022). Here, the Court notes that Plaintiff alleges in the Amended Complaint that she visited Defendant's website only twice, only two days apart. AC ¶¶ 20, 41. Other courts have considered the timing of alleged visits to an allegedly non-compliant website in evaluating whether a plaintiff was seeking access to a product or merely another lawsuit. *See Winegard v. Golftec Intell. Prop. LLC*, No. 23-cv-1244,

2023 WL 3672540, at *3 (E.D.N.Y. May 26, 2023).

The Amended Complaint is simply too "boilerplate . . . to establish standing." *Calcano*, 36 F.4th at 71. Crucially, even if Plaintiff plausibly alleges that she wished to visit the Website in connection with an intent to purchase "Henna Powder Mahogany Surya Brasil 1.76oz hair dye," Plaintiff fails to offer any non-conclusory, plausible, and particularized allegations about the "access barriers" she supposedly encountered on the Website. AC ¶ 21; *see id.* ¶¶ 46, 47. Instead, Plaintiff first offers allegations about "common access barriers" that generally tend to be found in "[n]on-compliant websites," AC ¶ 36, and then offers an inexhaustive, generic, and conclusory list of such barriers that supposedly can be found on the Website, AC ¶ 46.

In the paragraph of the Amended Complaint that lists the alleged barriers "[t]he Website contains," Plaintiff fails even to allege that she ever encountered the listed barriers. AC ¶ 46. She alleges: "The Website contains access barriers . . . . [which] include but are not limited to: missing alt-text, hidden elements on web pages, incorrectly formatted lists, unannounced pop ups, unclear labels for interactive elements, and the requirement that some events be performed solely with a mouse." AC ¶ 46. Plaintiff adds only generic allegations that "upon coming across" an unspecified "link of interest," her search was derailed by a broken link. AC ¶ 47.

In evaluating standing, "it is not enough for a plaintiff to allege [the existence of] conditions that violate the ADA." *Feltzin v. Triangle Properties #1, LLC*, No. 14-cv-5131 (JMA), 2016 WL 11599264, at *4 (E.D.N.Y. Dec. 15, 2016). Rather, "a plaintiff can establish a direct injury sufficient to support standing only if she 'personally encounters the barrier to access' that caused her [alleged] injury." *Id.* (quoting *Panzica v. Mas-Maz, Inc.*, No. 05-cv-2595 (ARL), 2007 WL 1732123, at *3 (E.D.N.Y. June 11, 2007)); *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). Plaintiff fails to allege that she personally encountered any of the barriers that the Website

supposedly contains aside from one unspecified broken "link of interest."  AC ¶ 47; *see id.* ¶ 46.  Moreover, Plaintiff's generic allegations are so devoid of particularity that they can hardly be said to put Defendant on notice of the alleged defects with the Website.  For example, Plaintiff alleges that the Website contains "hidden elements on web pages," but offers no hint as to which pages and elements are allegedly non-compliant or how they injured Plaintiff.

The allegations in the Amended Complaint about the access barriers that Defendant's Website supposedly contains are not only generic and conclusory on their face, but also are "repeated, verbatim" in scores of other complaints.  *White's Boots, Inc.*, 2024 WL 3909083, at *8.  Plaintiff cannot establish an injury in fact by copying and pasting facially generic allegations about the existence of barriers to access without offering any specific factual allegations about which barriers she actually encountered and demonstrating that those barriers affected her "in a personal and individual way."  *Spokeo, Inc.*, 578 U.S. at 339.   Furthermore, Plaintiff's conclusory assertion that she "intends to visit the Website in the near future if it is made accessible," AC ¶¶ 30, 49, is merely a legal conclusion couched as a factual allegation, *Calcano*, 36 F.4th at 76.  As such, Plaintiff fails to allege any injury to establish standing, and her ADA claim is accordingly dismissed for lack of standing.

**B.  Plaintiff's Other Claims Are Dismissed.**

Plaintiff's NYCHRL claim is governed by the same standing requirements as her ADA claim.  *See Mendez v. Apple Inc.*, No. 18-cv-7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  The Court has concluded that Plaintiff lacks standing under the ADA.  As such, the Court finds that Plaintiff's NYCHRL claim must also be dismissed for lack of standing.  Additionally, Plaintiff's Third Cause of Action, for declaratory relief, is dismissed because "[a] request for relief in the form of a declaratory judgment does not constitute an independent cause of action."  *Cisco*

*Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 474 (S.D.N.Y. 2021); *accord Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012).

### C.  Plaintiff Is Not Entitled To Amend.

As noted above, the Court previously granted Plaintiff leave to amend her pleading in response to Defendant's argument that she had failed to establish standing.  *See* Scheduling Order at 1.  The Court expressly warned Plaintiff that she would not have another opportunity to do so.  *See id.*  Plaintiff has not requested to leave to amend her pleading further, and she is not entitled to amend her pleading further.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  This case is dismissed, without leave to amend and without prejudice, for lack of standing.  The Clerk of Court respectfully is requested to close this case and all pending motions.

**SO ORDERED.**

**Date:  March 20, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**